CHEK INVESTMENTS, L.L.C., Keh Properties, Ltd., and Red Hot Plantation, L.L.C., Appellants,

v.

L.R., Appellee.

No. 05–07–01043–CV.

Court of Appeals of Texas,
Dallas.

Aug. 15, 2008.

Alan L. Busch, Brad Jackson, Jackson & Matthews, Dallas, TX, for Appellant.

M.J. Vanden Eykel, Koons, Fuller, Vanden Eykel & Robertson, Dallas, TX, for Appellee.

Before Justices MORRIS, FITZGERALD, and LANG.

## OPINION

Opinion by Justice FITZGERALD.

This is an interlocutory appeal from the trial court's denial of a special appearance filed by appellants. We dismiss the appeal for lack of jurisdiction.

### I. BACKGROUND

#### A. Procedural history

L.R. sued her husband, H.R., for divorce in July 2005. In November 2006, she amended her pleadings to join appellants as defendants. All three appellants joined in a single special appearance challenging the court's exercise of personal jurisdiction over them. L.R. later amended her pleadings again, and at the time of the special-appearance hearing her live pleading was her Third Amended Original Petition for Divorce and Request for Temporary Orders.

The trial judge held an evidentiary hearing on the special appearance and later signed an order denying the special appearance in its entirety. Although appellants requested findings of fact and conclusions of law, our record contains none. Appellants timely perfected their interlocutory appeal.

#### B. Jurisdictional allegations

The gist of L.R.'s claims against appellants is that H.R., acting as appellants' principal, controlled appellants and transferred community assets to them fraudulently and in breach of his fiduciary duties to her. She requests a declaration that some of appellants' assets are community property, and she seeks the imposition of a constructive trust on appellants' assets that they accumulated as the result of H.R.'s allegedly wrongful conduct. She also seeks the appointment of a receiver to take charge of their assets. All of the following factual allegations are taken from L.R.'s live pleading at the time of the special-appearance hearing.

CHEK Investments, L.L.C., is a Louisiana limited liability company doing business in Texas. H.R. manages many of CHEK's day-to-day business affairs from an office in Dallas, Texas, and from other locations in Texas. These activities include making and receiving telephone calls and faxes, maintaining business documents, carrying on correspondence, and maintaining financial accounts. CHEK also has numerous documents on file with the Texas Secretary of State reflecting a Texas address. CHEK has also apparently owned real estate in Texas. CHEK owes approximately $5.4 million to L.R. and H.R.'s community estate, which debt was incurred without L.R.'s knowledge or consent.

Red Hot Plantation, L.L.C., is also a Louisiana limited liability company doing business in Texas. CHEK owns Red Hot. L.R. makes the same generic jurisdictional allegations against Red Hot that she makes against CHEK. She also alleges that H.R. has borrowed significant sums of money from at least one Texas banking institution on behalf of Red Hot, that H.R. signed the loan documentation in Texas, and that the obligation is payable in Texas. She further alleges that Red Hot has $31 million in debt and that the community estate is being drained to make Red Hot's interest payments.

KEH Properties, Ltd., is a Louisiana corporation that does business in Texas. It uses letterhead listing a Dallas address, transacts business from that location, maintains a bank account in Texas, owns real property in Texas, has leased that property in Texas, and pays taxes on that property in Texas. It also owns oil and gas interests in Texas, and it sells oil and gas production in Texas.

## II. APPELLATE JURISDICTION

L.R. has moved to dismiss this appeal for want of jurisdiction. Pursuant to the Texas Civil Practice and Remedies Code, we have appellate jurisdiction over an interlocutory appeal from an order denying a special appearance, "except in a suit brought under the Family Code." TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(7) (Vernon 2008). It is undisputed that L.R. asserted her claims against appellees in a lawsuit that began as a petition for divorce and that she seeks dissolution of her marriage to H.R. and division of the community property. L.R. contends that these facts make the entire suit a "suit brought under the Family Code." Appellants oppose L.R.'s motion, arguing that none of L.R.'s allegations or causes of action against appellants arise under the family code. Neither side cites any case closely on point.

In construing a statute, our objective is to ascertain and effectuate the legislature's intent. Our starting point is the plain and ordinary meaning of the words of the statute. If a statute's meaning is unambiguous, we generally enforce it according to its plain meaning. We read the statute as a whole and interpret it so as to give effect to every part. *City of San Antonio v. City of Boerne,* 111 S.W.3d 22, 25 (Tex.2003).

We have no jurisdiction if appellants made their special appearance "in a suit brought under the Family Code." TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(7). A "suit" is "any proceeding in a court of justice by which an individual pursues that remedy in a court of justice which the law affords him." *Nat'l Life Co. v. Rice,* 140 Tex. 315, 167 S.W.2d 1021, 1023 (1943); *see also* BLACK'S LAW DICTIONARY 1475 (8th ed.2004) (defining "suit" as "[a]ny proceeding by a party or parties against another in a court of law"). In phrases such as

"under the Family Code," the word "under" generally means "by authority of." *See Powell v. City of Baird,* 133 Tex. 489, 128 S.W.2d 786, 790 (1939) (holding that "under" means "by authority of" when used in the phrase "under the laws of the State of Texas"); *see also* THE NEW OXFORD AMERICAN DICTIONARY 1840 (2001) ("as provided for by the rules of; in accordance with").

Considering section 51.014(a)(7) as a whole, we perceive two legislative purposes at work. First, the statute sets up a rule that an interlocutory ruling on a special appearance is immediately appealable. This suggests a legislative determination that there is a societal interest in the prompt appellate review of special-appearance rulings sufficiently compelling to outweigh the policy considerations that generally limit appellate jurisdiction to final judgments. Second, the legislature carves out an exception from the special grant of interlocutory appellate jurisdiction: we have no appellate jurisdiction if the trial court "grants or denies the special appearance of a defendant ... in a suit brought under the Family Code." TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(7). This suggests an additional legislative judgment that the burdens of expense and delay caused by interlocutory appeals are less tolerable in family-law disputes and the need for prompt resolution in such cases outweighs the benefits to be had from allowing interlocutory appellate review.

We conclude L.R. is correct that we lack jurisdiction to proceed. Section 51.014(a)(7) forbids interlocutory appeals from rulings on special appearances by defendants "in a suit brought under the Family Code." Appellants do not deny they are defendants in L.R.'s suit or that she seeks a divorce and division of community property under the family code in her suit. They do not argue that the claims

against them have been misjoined in L.R.'s suit under the family code. Her claims against them are, in fact, plainly related to her request for division of the community property as mandated by the family code. *See* Tex. Fam.Code Ann. § 7.001 (Vernon 2006). Thus, we conclude that L.R.'s suit is one "brought under the Family Code," and that appellants are attempting to bring an interlocutory appeal from the denial of their special appearance "in a suit brought under the Family Code." *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(7). Appellants' contention that L.R. has not asserted any allegations or causes of action arising under the family code against them is immaterial. Section 51.014(a)(7) does not limit its prohibition of interlocutory special-appearance appeals to defendants "sued under" the family code. Rather, the prohibition applies if the defendant specially appears "in a suit brought under the Family Code." We must honor the legislature's choice of words. Under the plain language of section 51.014(a)(7), we lack appellate jurisdiction over this interlocutory appeal.

### III. Conclusion

We grant L.R.'s motion to dismiss, and we dismiss this appeal for lack of appellate jurisdiction.