In the Matter of the MARRIAGE
OF Leticia B. LOYA and
Miguel Angel Loya.

No. 14–09–00481–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

July 2, 2009.

Robert S. Hoffman, Bellaire, TX, for appellants.

Arlene R. Levy, David D. Farr, Harry L. Tindall, Katherine D. David, Lynn Kamin, Michael J. Cenatiempo, Randall B. Wilhite, Steve A. Kamel, Houston, TX, for appellees.

Panel consists of Chief Justice HEDGES and Justices YATES and FROST.

## OPINION

PER CURIAM.

This is an interlocutory appeal of an order signed April 30, 2009, denying a special appearance filed by Clare Mulheran, a third party respondent in a divorce action. Appellee Leticia Loya has filed a motion to dismiss the appeal for want of jurisdiction. *See* Tex.R.App. P. 42.3(a).

 Generally, appeals may be taken only from final judgments. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Interlocutory orders may be appealed only if expressly permitted by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex.2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992) (orig. proceeding).

 The Texas Civil Practice and Remedies Code provides that an interlocutory appeal generally may be taken from an order denying a special appearance. Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(7) (Vernon 2008). Leticia Loya moves to dismiss this appeal because Section 51.014(a)(7) of the Civil Practice & Remedies Code specifically *excludes* these appeals in family cases. *See id.* (permitting an interlocutory appeal of the denial of a special appearance under Rule 120a "except in a suit brought under the Family Code."); *In re J.S.M.*, No. 14–03–01351–CV, 2004 WL 395911 at *1 (Tex.App.-Houston [14th Dist.] Mar. 4, 2004, pet.) (dismissing appeal of denial of special appearance because "the grant or denial of a special appearance in a case brought under the Texas Family Code is not subject to interlocutory appeal.").

In a similar case, the Dallas Court of Appeals has recently applied this statutory exclusion to an attempted interlocutory appeal by third parties in a divorce case. *See CHEK Investments, L.L.C. v. L.R.*, 260 S.W.3d 704 (Tex.App.-Dallas 2008, no pet.). The third party companies controlled by the husband appealed the denial of their special appearance and argued that the exception to section 51.014(a)(7) did not apply because they had been sued in tort and not "sued under" the Family Code. *Id.* at 706–07. The court of appeals disagreed, reasoning that the lawsuit began as a petition for divorce and the entire suit is therefore "brought under the Family Code." *Id.* at 706. The wife's claims against the third party companies for constructive trusts on assets derived from wrongful transfers from the husband were plainly related to her request for division of the community property. *Id.* at 704. In this case, Leticia Loya has similarly alleged that her husband made "grossly excessive transfers of community property" to Mulheran. Therefore, Loya's claims against Mulheran seeking reimbursement are also clearly related to the division of community property.

We agree with our sister court's reasoning and hold that we lack jurisdiction over Mulheran's attempted interlocutory appeal of the order denying her special appearance.

We grant Leticia Loya's motion and order the appeal dismissed.