Dismissed and Opinion filed July 2,, 2009








Dismissed
and Opinion filed July 2,, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00481-CV

____________

 

IN THE MATTER OF THE MARRIAGE OF

LETICIA B. LOYA  AND MIGUEL ANGEL
LOYA

 

 



 

On Appeal from the 257th District
Court

Harris County, Texas

Trial Court Cause No.
2008-24514

 



 

O P I N I O N

This is an interlocutory appeal of an order signed April
30, 2009, denying a special appearance filed by Clare Mulheran, a third party
respondent in a divorce action.  Appellee Leticia Loya has filed a motion to dismiss the
appeal for want of jurisdiction.  See Tex. R. App. P. 42.3(a).








Generally,
appeals may be taken only from final judgments.  Lehmann v. Har‑Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001).  Interlocutory orders may be
appealed only if expressly permitted by statute.  Bally Total Fitness Corp.
v. Jackson, 53 S.W.3d 352, 352 (Tex. 2001); Jack B. Anglin Co., Inc. v.
Tipps, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).  

The
Texas Civil Practice and Remedies Code provides that an interlocutory appeal
generally may be taken from an order denying a special appearance.  Tex. Civ.
Prac. & Rem. Code Ann. ' 51.014(a)(7) (Vernon 2008).  Leticia Loya moves to dismiss
this appeal because Section 51.014(a)(7) of the Civil Practice & Remedies
Code specifically excludes these appeals in family cases.  See id.
(permitting an interlocutory appeal of the denial of a special appearance under
Rule 120a Aexcept in a suit brought under the Family Code.@);  In re J.S.M., No.
14-03-01351-CV, 2004 WL 395911 at *1 (Tex. App.CHouston [14th Dist.] Mar. 4, 2004,
pet.) (dismissing appeal of denial of special appearance because Athe grant or denial of a special
appearance in a case brought under the Texas Family Code is not subject to
interlocutory appeal.@).  

In a
similar case, the Dallas Court of Appeals has recently applied this statutory
exclusion to an attempted interlocutory appeal by third parties in a divorce
case.  See CHEK Investments, L..L.C. v. L.R., 260 S.W.3d 704 (Tex. App.CDallas 2008, no pet.).  The third
party companies controlled by the husband appealed the denial of their special
appearance and argued that the exception to section 51.014(a)(7) did not apply
because they had been sued in tort and not Asued under@ the Family Code.  Id. at 706-07. 
The court of appeals disagreed, reasoning that the lawsuit began as a petition
for divorce and the entire suit is therefore Abrought under the Family Code.@  Id. at 706.  The wife=s claims against the third party
companies for constructive trusts on assets derived from wrongful transfers
from the husband were plainly related to her request for division of the
community property.  Id. at 704.  In this case, Leticia Loya has
similarly alleged that her husband made Agrossly excessive transfers of
community property@ to Mulheran.  Therefore, Loya=s claims against Mulheran seeking
reimbursement are also clearly related to the division of community property.  








We agree
with our sister court=s reasoning and hold that we lack jurisdiction over Mulheran=s attempted interlocutory appeal of
the order denying her special appearance.

We grant Leticia Loya=s motion and order
the appeal dismissed.

 

PER CURIAM

 

Panel consists of Chief Justice
Hedges and Justices Yates and Frost.