**H. Erle RAWLINS III, Appellant,**

v.

**Susan Rawlins WEAVER, Administrator, Appellee.**

No. 05–09–00090–CV.

Court of Appeals of Texas, Dallas.

July 6, 2010.

Eric D. Fein, Eric D. Fein, P.C. & Associates, Charles I. Kaplan, Dallas, TX, for Appellant.

Michael A. Barragan, Michael A. Barragan, P.C., Dallas, TX, for Appellee.

Before Justices BRIDGES, FRANCIS, and FILLMORE.

## OPINION

Opinion By Justice FRANCIS.

H. Erle Rawlins III (Brother) appeals the trial court's order granting Susan Rawlins Weaver's (Sister) application for the sale of real property and ordering two properties from the estate of Harry E. Rawlins Jr. (Father) be sold. In three issues, Brother claims the trial court abused its discretion in denying his motion for new trial, the evidence is legally and factually insufficient to support the trial court's findings of fact, and the trial court's conclusions of law are contrary to the law. We dismiss this appeal for want of jurisdiction.

Father died in May 1995, and Brother and Sister are his only surviving children. According to Father's 1980 will and 1988 codicil, Brother was named independent executor and all Father's property was to be divided in equal shares between Brother and Sister. At the time of his death, Father owned three properties outright and had a one-third ownership in three other properties. Father also owned working interests and royalty interests in four oil and gas leases.

One of the properties owned entirely by Father is a house on Congress Avenue in Dallas which was Father's homestead. Another property owned solely by Father is a building on the historical town square commonly known as 113 Historic Town Square, in Lancaster, Texas.

In October 2006, Brother was removed as independent executor and five months

later, Sister was appointed administrator. In August 2007, she filed an application for the sale of real property. After hearings on September 20, 2007, March 27, 2008, and October 15, 2008, the trial court granted the application and ordered the sale of the Congress Avenue property and the 113 Historic Town Square property. After the trial court made the requested findings of fact and conclusion of law, Brother filed this appeal.

■ Although neither Brother nor Sister address this Court's jurisdiction over this cause, appellate jurisdiction is never presumed. *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 546 (Tex.App.-Dallas 2009, no pet.) (op. on reh'g). If the record fails to show the propriety of appellate jurisdiction, we must dismiss the appeal. *Id.* Appellate courts have jurisdiction over final judgments and such interlocutory orders as the legislature deems appealable. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001); *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex.2001).

■ This Court has addressed previously the issue of whether an order authorizing the sale of real property is a final appealable order. *In the Matter of the Estate of Bendtsen*, 229 S.W.3d 845, 847 (Tex.App.-Dallas 2007, no pet.). In *Bendtsen*, the probate court granted the temporary administrator's application to sell the decedent's former residence. *Id.* Two purported beneficiaries appealed the order to this Court. *Id.* After considering the Texas Supreme Court's standard for the appealability of probate code orders as well as the language of the probate code, we concluded the order granting an application for sale of real property and authorizing such sale is an "interlocutory probate court order that is non-appealable." *Id.* at 848. When a party attempts to appeal a nonappealable interlocutory order, we have no jurisdiction except to declare the interlocutory nature of the order and to dismiss the appeal. *See Lipshy Motorcars, Inc. v. Sovereign Assoc., Inc.*, 944 S.W.2d 68, 70 (Tex.App.-Dallas 1997, no writ).

We dismiss this appeal for want of jurisdiction.