**DISMISS; and Opinion Filed June 9, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00760-CV

**HARTFORD ACCIDENT AND INDEMNITY CO., Appellant**
**V.**
**SEAGOVILLE PARTNERS, Appellee**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-01975**

## MEMORANDUM OPINION
Before Justices Lang, Brown, and Schenck
Opinion by Justice Brown

After we granted appellant Hartford Accident and Indemnity Co. ("Hartford") permission to bring an interlocutory appeal of the trial court's order denying its motion for summary judgment, appellee Seagoville Partners ("Seagoville") filed a motion to dismiss for want of jurisdiction. For the following reasons, we withdraw our order granting Hartford permission to appeal and dismiss this appeal for want of jurisdiction.

### Background

In 2012, thieves removed the copper wiring from a shopping center unit in Seagoville, Texas. At the time of the theft, Brookshire was subleasing that unit from Food Lion, Inc. Brookshire had executed the sublease in 1997 and thereafter opened a grocery store on the premises. But, in 2009, Brookshire closed that store. Brookshire nevertheless retained the sublease and continued to perform its obligations thereunder.

Seagoville owns the shopping center and leased it to Food Lion. After the theft, Seagoville made a claim for benefits under a business insurance policy it had purchased from Hartford. That policy provided coverage for direct physical loss of or damages to covered property, which included the shopping center building and any permanently attached fixtures, equipment, and machinery. The policy contained a vacancy provision, which provided that Hartford was not required to pay for damages or losses caused by theft or vandalism if the building was vacant for more than sixty consecutive days prior to the loss. Under the terms of that provision, the building was considered vacant unless at least thirty-one percent of the building's total square footage was (1) rented to a lessee or sub-lessee and used by the lessee or sub-lessee to conduct its customary operations, and/or (2) used by the building owner to conduct customary operations.

After investigating Seagoville's claim, Hartford determined there was no coverage because the grocery store unit itself constituted over thirty-one percent of the total square footage of the shopping center and it had not been used by Seagoville, a lessee, or any sublessee to conduct customary operations since Brookshire closed its store in 2009, well over sixty days before the 2012 theft. Therefore, Hartford denied the claim.

Seagoville then sued Hartford for breach of contract asserting its claim was covered under the policy. Seagoville also asserted Hartford's reliance on the vacancy exclusion was wrongful because, at the time of the loss, both it and Brookshire were using the unit to conduct their customary operations.

Hartford filed a traditional and no-evidence motion for summary judgment. In its traditional motion, Hartford asserted it did not breach the policy because the vacancy provision precluded Seagoville's claim. Hartford relied largely on its assertion that the facts Seagoville relied on to show the building was not vacant failed as a matter of law. Hartford also asserted it was entitled to summary judgment on no-evidence grounds. According to Hartford, it was

Seagoville's burden to show the property was not vacant and, because Seagoville could not do so, it was entitled to judgment as a matter of law.

Seagoville filed a response to the motion for summary judgment. First, Seagoville asserted that Hartford's no-evidence motion for summary judgment was improper on its face because the vacancy provision was an exclusion on which Hartford had the burden of proof. Seagoville also asserted Hartford was not entitled to summary judgment on traditional grounds. According to Seagoville, the vacancy exclusion was ambiguous and it could be reasonably construed to provide coverage. Specifically, Seagoville asserted (1) its customary operations could reasonably be construed to include it using the unit to lease it to Food Lion and/or (2) Brookshire's customary operations could reasonably be construed to include Brookshire's use of the unit by maintaining its sublease, paying rent and utilities for the unit and using the unit for storage. At a minimum, Seagoville asserted there was a genuine issue of material fact precluding summary judgment.

The trial court denied Hartford's motion for summary judgment, thus concluding it was not entitled to summary judgment on either traditional or no-evidence grounds. Hartford subsequently obtained the trial court's permission to appeal that order under section 51.014(d) of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (West 2015). This Court then granted Hartford permission to appeal. However, upon further review, we now conclude this appeal does not meet the requirements of section 51.014(d).

**Applicable Law**

It is well-settled that we have no jurisdiction to review an interlocutory order unless authorized by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352-53 (Tex. 2001); *Rawlins v. Weaver*, 317 S.W.3d 512, 514 (Tex. App.—Dallas 2010, no pet.). Section 51.014 provides "narrow exception[s] to the general rule that only final judgments and orders are appealable" and we strictly construe its jurisdictional requirements. *Bally Total Fitness Corp.*, 53 S.W.3d at 355; *State Fair of Texas v. Iron Mountain Info. Mgmt., Inc.*, 299 S.W.3d 261, 262-

–3–

63 (Tex. App.—Dallas 2009, no pet.). If the record fails to show the propriety of appellate jurisdiction, we must dismiss the appeal. *Rawlins*, 317 S.W.3d at 514; *Gulf Coast Asphalt Co., L.L.C. v. Lloyd*, 457 S.W.3d 539, 541 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (withdrawing order granting permission to appeal and dismissing appeal for want of jurisdiction because trial court's order did not comply with section 51.014(d)).

Under section 51.014(d), a trial court may permit an appeal of an otherwise unappealable order if: (1) the order involves a controlling question of law as to which there is a substantial ground for difference of opinion, and (2) an immediate appeal may materially advance the ultimate termination of the litigation. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d). If a trial court grants permission to appeal, the order to be appealed must show permission was granted and identify the controlling question of law the trial court relied upon in determining the appeal was authorized. *See* Tex. R. Civ. P. 168. The trial court may amend its order to meet this requirement. *Id*.

Inherent within section 51.014(d)'s jurisdictional requirements is that the appeal involve the trial court's substantive ruling on the controlling question of law we are being asked to resolve. *Double Diamond Delaware, Inc. v. Walkinshaw*, 05-13-00893-CV, 2013 WL 5538814, at *2 (Tex. App.—Dallas Oct. 7, 2013, no pet.) (mem. op.); *Bank of N.Y. Mellon v. Guzman*, 390 S.W.3d 593, 597 n. 2 (Tex. App.—Dallas 2012, no pet). If there is nothing in the record to show the trial court made a substantive ruling on a controlling question of law or if the appeal does not involve our resolution of that question, we have no jurisdiction. *See Guzman*, 390 S.W.3d at 598; *Gulley v. State Farm Lloyds*, 350 S.W.3d 204, 207-08 (Tex. App.—San Antonio 2011, no pet.).

A trial court's denial of a motion for summary judgment is not itself a substantive ruling on a controlling question of law for purposes of rule 51.014(d).[1] *See, e.g., Double Diamond Delaware*, 2013 WL 5538814, at \*2; *Gulley*, 350 S.W.3d at 208. If the trial court denies a motion for summary judgment based on the existence of fact issues or the movant's failure to meet its burden on summary judgment rather than a substantive ruling on a controlling legal issue, we have no jurisdiction to review the trial court's ruling under rule 51.014(d). *See City of San Antonio v. Tommy Harral Constr., Inc.*, 04-15-00286-CV, 2016 WL 327886, at \*3 (Tex. App.—San Antonio Jan. 27, 2016, no pet.) (trial court's denial of motion for summary judgment motion based on the existence of fact issues does not constitute substantive ruling on a controlling legal issue); *In re Estate of Fisher*, 421 S.W.3d 682, 685 (Tex. App.—Texarkana 2014, no pet.) (article 51.014(d) does not permit an appeal from denial of a motion for summary judgment that turns on a controlling fact issue, not a legal one); *Diamond Prods. Intern. Inc. v. Hammond*, 142 S.W.3d 491, 494 (Tex. App.—Houston 2004, no pet.) (denial of summary judgment not appealable if its resolution did not rest on controlling legal issue).

## Analysis

Here, Hartford complied with the procedural requirements of section 51.014(d). Specifically, after the trial court denied its motion for summary judgment, Hartford sought and obtained the trial court's permission to bring an interlocutory appeal and the trial court amended its order to satisfy the requirements of rule 168 of the rules of civil procedure. See TEX. R. CIV.

---

[1] As with all summary judgments, whether a summary judgment movant conclusively established its entitlement to summary judgment or the non-movant raised a genuine issue of material fact is a legal question subject to de novo review. *Hightower v. Baylor Univ. Med. Ctr.*, 251 S.W.3d 218, 221 (Tex. App.—Dallas 2008, pet. struck) ("[b]ecause summary judgment is a question of law, we review a trial court's summary judgment decision de novo"). But that question is determined by the burdens established under the rules of civil procedure, not the substantive law applicable to the case. In construing the "question of law" requirement of the federal permissive appeal statute, the Seventh Circuit observed:

> Formally, an appeal from the grant or denial of summary judgment presents a question of law (namely whether the opponent of the motion has raised a genuine issue of material fact), which if dispositive is controlling; and often there is room for a difference of opinion. So it might seem that the statutory criteria for an immediate appeal would be satisfied in every case in which summary judgment was denied on a nonobvious ground. But that cannot be right. Section 1292(b) was not intended to make denials of summary judgment routinely appealable . . . . A denial of summary judgment is a paradigmatic example of an interlocutory order that normally is not appealable.

*Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000); *see also* 28 U.S.C.A. § 1292(b); *Gulf Coast Asphalt Co.*, 457 S.W.3d at 545 (federal courts interpretation of similar language in 28 U.S.C. § 1292(b) provide guidance in determining the controlling question of law requirement in the Texas statute); *Austin Commercial, L.P. v. Texas Tech Univ.*, 07-15-00296-CV, 2015 WL 4776521, at \*1 (Tex. App.—Amarillo Aug. 11, 2015, no pet.) (mem. op.) (same).

PRO. 168. In its amended order, the trial court stated that Hartford's traditional and no-evidence motion for summary judgment "is still denied, but therein, this matter involves the following controlling questions of law as to which there is a substantial ground for difference of opinion:[2] (1) does a grocery store tenant's continuing to pay rent, temporarily storing existing equipment, and maintaining utilities constitute 'customary operations' as that term is used in the [v]acancy [p]rovision . . . so as to make the property not vacant; and (2) does a property owner managing and leasing space to tenants constitute 'customary operations' as that term is used in the [v]acancy [p]rovision . . . so as to make the property not vacant."

After the trial court amended its order, Hartford petitioned this Court for permission to bring an interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(f) (when a trial court has permitted an appeal from an interlocutory order that would not otherwise be appealable, a party seeking to appeal must petition the court of appeals for permission to appeal). In its petition, Hartford asserted it sought to appeal the trial court's order denying its motion for summary judgment on both traditional and no-evidence grounds and claimed the order involved a matter of first impression concerning the interpretation of a property insurance policy's vacancy provision and, specifically, the interpretation of what constitutes customary operations under that provision. "To that end," Hartford asserted we would be asked to consider whether the activities the trial court had identified in its order without more constituted their respective customary operations.

After we granted Hartford permission to appeal and we reviewed Hartford's brief on the merits and the summary judgment record, at oral argument, we notified the parties we had jurisdictional concerns. We specifically questioned whether the trial court had made a substantive ruling on a controlling question of law. Hartford acknowledged that the record did not show how the trial court had ruled on the "questions of law" identified in the order, but that

---

[2] Due to the trial court's phrasing, it is unclear whether it determined Hartford's motion for summary judgment involved a controlling question of law or that its order on that motion involved its ruling on a controlling question of law.

–6–

the trial court had identified the issues it felt needed to be addressed by this Court, specifically whether the five activities identified in the order constituted "customary operations."

Seagoville subsequently filed a motion to dismiss asserting this appeal did not involve the trial court's substantive ruling on a controlling question of law. Hartford filed a response asserting its appeal met the requirements of rule 51.014(d) and that the trial court had made a substantive ruling that each of the five activities identified in the order constituted customary operations. Nevertheless, before we ruled on Seagoville's motion to dismiss, Hartford obtained an amended order from the trial court to show it denied its motion for summary judgment based on its determination that certain of the activities identified in the order constituted customary operations. In that order, the trial court restated the same controlling questions of law it had identified in its prior order, but then further indicated which activities it had determined constituted Seagoville's and Brookshire's respective customary operations and which did not. Specifically, the trial court determined that (1) Brookshire's payment of rent and maintaining of utilities constituted its customary operations, but that its temporary storage of equipment did not, and (2) Seagoville's leasing of the property constituted its customary operations, but that its management of the property did not. Hartford filed a supplemental response to the motion to dismiss asserting the trial court's second amended order cured any possible jurisdictional concerns.

We conclude the trial court's amended order only illustrates that the trial court's denial of Hartford's motion for summary judgment did not involve a substantive ruling on a controlling question of law. Instead, in the context of the issue before the trial court, the trial court's "rulings" necessarily related to whether Hartford met its burden to show the absence of a genuine issue of material fact and/or whether Seagoville came forward with sufficient evidence to raise a genuine issue of material fact. In any event, neither the trial court's order nor the record reflects the trial court made a substantive ruling with respect to the proper legal interpretation of the vacancy provision or the phrase "customary operations" or, if it did so, that that ruling was

"controlling." To the contrary, the trial court could have accepted Hartford's position that the vacancy provision was unambiguous, but nevertheless, giving the term "customary operations" its ordinary meaning, denied its motion for summary judgment if it concluded the specified activities raised a genuine issue of material fact. [3]

Hartford's brief on appeal further reflects the nature of the trial court's ruling. Hartford does not contend the trial court committed a legal error in interpreting the policy or the phrase "customary operations," which resulted the trial court's erroneous denial of its motion for summary judgment. Instead, Hartford asks this Court to determine whether, giving the phrase "customary operations" its ordinary meaning, the activities the trial court identified in its order constituted Seagoville's and/or Brookshire's customary operations. [4]

We conclude the questions the trial court relied on in authorizing this appeal and the questions presented for our review do not involve controlling questions of law with respect to the proper interpretation of the policy or any other controlling question of law for which substantial grounds for disagreement exists. *See Gulley*, 350 S.W.3d at 208. Therefore, we have no jurisdiction over this appeal. We withdraw our order granting Hartford permission to appeal and dismiss the appeal.

/Ada Brown/

ADA BROWN  
JUSTICE

150760F.P05

---

[3] On the other hand, if the trial court accepted Seagoville's position that the policy was ambiguous and that there was coverage based on the undisputed facts, the trial court's denial of Hartford's motion for summary judgment did not, and could not, constitute a ruling on that issue, substantive or otherwise.

[4] We note Hartford challenges only the trial court's ruling on its traditional motion for summary judgment. In doing so, Hartford does not contend the question of whether Seagoville or Brookshire were using the building to conduct customary operations is a question of law. At the same time, however, Hartford does not contend it conclusively established either Seagoville or Brookshire were not using the building to conduct customary operations. Nevertheless, Hartford asks us to make this determination as a matter of law because the underlying facts are not disputed. Regardless of whether underlying facts are in dispute, in a traditional motion for summary judgment, the movant must show those underlying undisputed facts conclusively establish or conclusively negate the ultimate fact at issue. *See Upper Valley Aviation v. Mercantile Nat. Bank,* 658 S.W.2d 952, 956 (Tex. App.—Dallas 1983, writ ref'd n.r.e.) (fact issues exist when evidence of essential fact is inconclusive).

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

HARTFORD ACCIDENT AND
INDEMNITY CO., Appellant

No. 05-15-00760-CV          V.

SEAGOVILLE PARTNERS, Appellee

On Appeal from the 191st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-14-01975.
Opinion delivered by Justice Brown. Justices
Lang and Schenck participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee SEAGOVILLE PARTNERS recover its costs of this appeal from appellant HARTFORD ACCIDENT AND INDEMNITY CO.

Judgment entered this 9th day of June, 2016.