

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00005-CV

**IN THE INTEREST OF G.T.**, a Child
Appellant

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2022EM501625
Honorable Cynthia Marie Chapa, Judge Presiding

PER CURIAM

Sitting:      Beth Watkins, Justice
               Liza A. Rodriguez, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: April 26, 2023

DISMISSED FOR LACK OF JURISDICTION

Appellant seeks to appeal an order denying a special appearance signed on December 29, 2022. Generally, appeals may be taken only from final judgments. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Interlocutory orders may be appealed only if expressly permitted by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001).

Texas Civil Practices and Remedies Code Section 51.014 permits an interlocutory appeal of an order that "grants or denies the special appearance of a defendant under Rule 120a, Texas Rules of Civil Procedure, except in a suit brought under the Family Code[.]" Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(7). An order that grants or denies the special appearance of a defendant under Rule 120a, Texas Rules of Civil Procedure, in a suit brought under the Family Code, is not an appealable interlocutory order under the statute. *CHEK Investments, LLC v. L.R.*,

260 S.W.3d 704, 707 (Tex. App.—Dallas 2008, no pet.) (dismissing interlocutory appeal of an order denying special appearance in a suit brought under the Family Code for lack of jurisdiction).

The clerk's record was filed on February 27, 2023. The reporter's record was filed on March 1, 2023. After reviewing the record, it appeared the underlying suit was brought under the Family Code. Therefore, on March 2, 2023, we ordered appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. Appellant filed a letter addressing personal rather than appellate jurisdiction. The Office of the Attorney General filed a response, confirming that the underlying suit was brought under the Texas Family Code. Appellant filed another letter, responsive to the Attorney General's letter, stating, "There is no family between the parties to this matter."

The record reveals that the Attorney General, representing the State of Texas as a Support Enforcement Agency pursuant to Texas Family Code Chapter 159, and providing services pursuant to Texas Family Code Chapter 231, filed a registration of foreign order from the State of Nevada, a motion to register the order, and a motion to confirm arrearages. The Attorney General's suit is thus one "brought under the Family Code," and appellant is attempting to bring an interlocutory appeal from the denial of his special appearance "in a suit brought under the Family Code." TEX. CIV. PRAC. & REM. CODE § 51.014(a)(7). We therefore dismiss this appeal for lack of jurisdiction. TEX. R. APP. P. 42.3.

PER CURIAM