

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-25-00099-CV

Dalila **AGIZA**,
Appellant

v.

Edward **FRANKLIN**,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2021-CI-10623
Honorable Elizabeth Martinez, Judge Presiding

PER CURIAM

Sitting:     Lori I. Valenzuela, Justice
              Lori Massey Brissette, Justice
              Adrian A. Spears II, Justice

Delivered and Filed: July 23, 2025

DISMISSED FOR LACK OF JURISDICTION

On February 12, 2025, appellant Dalila AGiza filed a notice of interlocutory appeal stating that she wished to appeal "the improper denial of [her] Special Appearance to challenge personal jurisdiction under Texas Rule of Civil Procedure 120a[.]" On June 17, 2025, we ordered the district clerk to file a supplemental clerk's record necessary to determine our jurisdiction over this appeal.

On June 18, 2025, AGiza filed a document entitled "Emergency Motion Objecting to Jurisdictional Misrepresentation and Violations of Due Process," which, *inter alia*, explained why

she believes we have jurisdiction over her appeal. On June 20, 2025, the district clerk filed a supplemental clerk's record containing the documents we requested. The June 20, 2025 supplemental clerk's record establishes the following:

- The underlying litigation, which was docketed as cause number 2021-CI-10623, was initiated when appellee Edward Brian Franklin filed a petition for divorce on May 27, 2021.

- AGiza filed both an answer to Franklin's petition and an original counterpetition for divorce in cause number 2021-CI-10623.

- The trial court signed a final decree of divorce in cause number 2021-CI-10623 on September 27, 2023.

- On December 6, 2024, Franklin filed a Petition to Modify Parent-Child Relationship in cause number 2021-CI-10623. Franklin's petition sought to modify the final decree of divorce's terms regarding possession of the parties' child.

- On January 21, 2025, AGiza filed a Verified Special Appearance and Motion to Dismiss for Lack of Jurisdiction in cause number 2021-CI-10623. In her special appearance and motion to dismiss, AGiza argued the trial court lacked jurisdiction over her because Franklin did not properly serve her with his petition to modify the parent-child relationship.

The Texas Civil Practice and Remedies Code permits an interlocutory appeal from an order that "grants or denies the special appearance of a defendant under Rule 120a, Texas Rules of Civil Procedure, *except in a suit brought under the Family Code*[.]" TEX. CIV. PRAC. & REM. CODE § 51.014(a)(7) (emphasis added). AGiza's "Emergency Motion Objecting to Jurisdictional Misrepresentation and Violations of Due Process" argued that the italicized exception to Texas Civil Practice and Remedies Code section 51.014(a)(7) does not apply here because her appeal "concerns jurisdictional defects and constitutional violations" rather than relief "sought under the Family Code." She also contended that the 2021–2023 divorce proceedings are unrelated to the current dispute over Franklin's Petition to Modify Parent-Child Relationship.

The June 20, 2025 supplemental clerk's record shows that AGiza filed her special appearance in cause number 2021-CI-10623. That cause number encompasses both the parties'

divorce proceedings and Franklin's modification petition. Additionally, both the divorce proceedings and the modification petition involved the parties' possession and access rights to their child. The supplemental clerk's record therefore establishes that AGiza's appeal from the denial of her special appearance arises from a suit brought under the Family Code. *See* TEX. FAM. CODE §§ 6.001–6.802 (suit for dissolution of marriage); TEX. FAM. CODE §§ 156.001–156.409 (suit to modify parent-child relationship). As a result, we may not rely on Texas Civil Practice and Remedies Code section 51.014(a)(7) to exercise jurisdiction over AGiza's interlocutory appeal from the denial of her special appearance. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(7); *In re D.N.C.*, No. 04-19-00531-CV, 2019 WL 4647711, at *1 (Tex. App.—San Antonio Sept. 25, 2019, no pet.) (per curiam) (mem. op.) (dismissing appeal from special appearance in a family law matter); *In re Marriage of Loya*, 290 S.W.3d 920, 921 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (per curiam) (same).

"When a party attempts to appeal a nonappealable interlocutory order, we have no jurisdiction except to declare the interlocutory nature of the order and to dismiss the appeal." *Rawlins v. Weaver*, 317 S.W.3d 512, 514 (Tex. App.—Dallas 2010, no pet.). Accordingly, on June 25, 2025, we ordered AGiza to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. We specifically instructed AGiza that her response must cite authority other than Texas Civil Practice and Remedies Code section 51.014(a)(7) establishing that this court may properly exercise jurisdiction over her appeal. We cautioned AGiza that if she did not file a response that cited authority establishing this court's jurisdiction over her interlocutory appeal, we would dismiss this appeal for lack of jurisdiction. *See id.*

On July 7, 2025, AGiza filed a written response to our order. In her response, she again argued that we may properly exercise jurisdiction over this appeal under section 51.014(a)(7). She

asserted that Texas courts "have repeatedly held that interlocutory appeals under § 51.014(a)(7) are proper even in family law cases, when the appeal challenges the denial of a special appearance, not the merits of custody, visitation, or support." As support for this proposition, AGiza presented the following citations:

- *In re S.A.*, 270 S.W.3d 832 (Tex. App.—Dallas 2008, no pet.)—We have used the style, citation, and a purported quotation identified in AGiza's response to search reliable legal databases for this case. None of those searches located this case, which appears to be fictitious.[1]

- *In re D.S.*, 555 S.W.3d 301 (Tex. App.—Dallas 2018, no pet.)—AGiza describes this opinion as a "[c]ustody case where father's special appearance was denied." This description is not accurate. *D.S.* is an appeal from a final judgment denying a bill of review, not an interlocutory appeal. *See id.* at 306–07. It does not cite section 51.014(a)(7), indicate that the appellant in that case sought to challenge a ruling on a special appearance, or otherwise support AGiza's assertion that we may properly exercise jurisdiction over her interlocutory appeal. *See generally id.* Additionally, a purported quotation from the case that is included in AGiza's response does not appear in the opinion. *See generally id.*

- *In re S.B.*, 207 S.W.3d 877 (Tex. App.—Fort Worth 2006, no pet.)—AGiza describes this opinion as an appeal from a "[s]pecial appearance in [a] UCCJEA custody action" in which the "[c]ourt found jurisdictional defect appealable and distinct from custody merits." This description is not accurate. *S.B.* is an appeal from a final judgment in a parental termination case. *See id.* at 880–81. It does not cite section 51.014(a)(7), indicate that the appellant sought to challenge a ruling on a special appearance or any other jurisdictional issues, or otherwise support AGiza's assertion that we may properly exercise jurisdiction over her interlocutory appeal. *See generally id.*

- *In re M.G.S.*, No. 13-13-00496-CV, 2014 WL 3891657 (Tex. App.—Corpus Christi Aug. 7, 2014, no pet.) (mem. op.)—We have used the style, cause number, Westlaw citation, and judgment date identified in AGiza's response to search reliable legal databases for this case. None of those searches located this case, which appears to be fictitious.

- *In re B.L.D.*, 113 S.W.3d 340 (Tex. 2003)—AGiza describes the holding of *B.L.D.* as "Due process errors in family court proceedings can be reviewed regardless of traditional preservation." But our concerns about AGiza's appeal center on our own subject-matter jurisdiction, not on principles of error preservation, and we see nothing in *B.L.D.* that

---

[1] Because some of the cases, quotations, and holdings AGiza cited seem to be fictitious or inaccurate, it appears that she may have used ChatGPT or another generative artificial intelligence tool in the preparation of her response. We caution litigants that "ChatGPT currently lacks the ability to produce reliable and accurate results when given a legal query." David T. Laton, *A Cautionary Tale of AI as a Research Tool for Lawyers*, 70 PRAC. LAW. 42, 43 (2024); *see also Byrd v. Vills. of Woodland Springs Homeowners Ass'n, Inc.*, No. 02-23-00078-CV, 2024 WL 3529431, at *4 n.12 (Tex. App.—Fort Worth July 25, 2024, no pet.) (mem. op.).

permits us to exercise jurisdiction here. *B.L.D.* is an appeal from a final judgment after a jury trial. *See id.* at 342. It does not cite section 51.014(a)(7) or indicate that the appellant in that case sought to challenge a ruling on a special appearance. *See generally id.* Additionally, a purported quotation from the case that is included in AGiza's response does not appear in the opinion. *See generally id.*

The remainder of AGiza's response addresses the merits of the trial court's order, contends AGiza was not properly served with Franklin's modification petition, and requests various forms of relief from this court. The response does not cite any jurisdictional statutes other than section 51.014(a)(7).

"We strictly apply statutes granting interlocutory appeals because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable." *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). None of AGiza's cited authority establishes that we may exercise jurisdiction over this interlocutory appeal under section 51.014(a)(7) or any other statute, and we have found no such authority. We therefore dismiss this appeal for lack of jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(7); *In re D.N.C.*, 2019 WL 4647711, at *1; *In re Marriage of Loya*, 290 S.W.3d at 921. All motions that are currently pending in this court, including AGiza's challenge to the trial court's ruling on her ability to afford courts costs, as denied as moot.

PER CURIAM