**In the Matter of the ESTATE OF Mary Ellen Logan BENDTSEN, Deceased.**

**No. 05–06–00789–CV.**

Court of Appeals of Texas, Dallas.

July 12, 2007.

viable sentencing alternatives, nor do we take a position on the merits of that proposition.

P. Keith Staubus, Staubus & Randall, L.L.P., Dallas, for Appellant.

Mark Douglas Cronenwett, R. Michael Northrup, Gregory J. Lensing, Cowles & Thompson, P.C., for Appellee.

Before Justices O'NEILL, FITZGERALD, and MAZZANT.

## OPINION

Opinion by Justice O'NEILL.

This suit arises in a contest between two competing wills disposing of the Estate of Mary Ellen Logan Bendtsen, Deceased (Bendtsen). Intervenors Justin Dale Burgess (Burgess) and Mark Patrick McCay (McCay), claimed beneficiaries under one of the competing wills, appeal the probate court's order approving the estate's temporary administrator's application for authority to sell the estate's ownership interest in Bendtsen's former residence. In four issues, appellants challenge the propriety of the order. Appellees Frances Ann Giron (Giron), claimed beneficiary under the other competing will, and the estate's temporary administrator John R. Norris III (Norris) raise a cross-issue containing five sub-issues challenging the Court's jurisdiction over this appeal. Because we hold the order appealed is interlocutory under Texas Probate Code section 355, we sustain appellees' cross-issue on that ground, do not reach appellants' issues, and dismiss the appeal for want of jurisdiction.

### BACKGROUND

Bendtsen died in early 2005 at 88. She bequeathed to her only child, Giron, her entire estate under the terms of a 2002 will. Burgess and McCay are unrelated to Bendtsen and claim under a 2005 will disinheriting Giron. The 2005 will was executed on the day Bendtsen presented to a hospital emergency room after suffering a stroke, eight days before her death. Applications to admit both wills to probate were filed the day she died. Giron, named executrix under the 2002 will, filed a contest of the 2005 will and application for appointment of a temporary administrator pending resolution of her will contest. The court granted the application, appointing Norris.

Giron sought summary judgment in her will contest, arguing lack of compliance with required legal formalities to execute a will and lack of testamentary capacity and intent. The probate court granted summary judgment for lack of formalities but did not reach lack of capacity or intent. In that order the court also set aside the 2005 will and dismissed with prejudice the application for its admission to probate. The court later dismissed with prejudice a contest of the 2002 will brought by Dixie L.M. Tidwell (Tidwell), named executrix of the 2005 will, for lack of requisite interest in Bendtsen's estate to establish standing. The court also ruled Tidwell had no standing to challenge proceedings authorizing Norris to sell estate property. The court then admitted the 2002 will to probate and appointed Giron independent executrix under its terms. This Court today affirmed the summary judgment for Giron in her contest of the 2005 will,[1] and in a separate opinion, the court's ruling on Tidwell's lack of standing, the court's dismissal of Tidwell's contest of the 2002 will, and Tidwell's challenge to the court's grant of letters testamentary to Giron as executrix of the 2002 will.[2]

After the will contest matters were resolved at the probate court level, Norris filed an application for authority to sell Bendtsen's former residence at 4949 Swiss Ave. in the Swiss Avenue Historic District in Dallas, Texas. The estate's interest in the house is a major estate asset. The sale was requested because the house was non-income producing but needed substantial repairs and because receipt and investment of the sales proceeds would aid in estate administration and payment of liabilities. McCay and Burgess intervened to enjoin the sale to protect their claimed interest as beneficiaries under the 2005 will, pending our decision in the appeal of Giron's successful contest of it.

After a hearing the probate court granted Norris's application to sell the Bendtsen residence, finding the sale would be in the estate's best interest. The court also ordered filing of a report of sale in accordance with law after the sale is made. McCay and Burgess appeal the order authorizing the sale.

## DISCUSSION

Litigants generally may only appeal a final judgment, absent statutory exception. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001). Probate proceedings also give rise to a recognized exception to that general rule since multiple judgments may be rendered therein on "discrete issues" before the entire probate proceeding is concluded. *See De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex.2006) (citing *Lehmann*, 39 S.W.3d at 192). But not all probate orders are appealable. *De Ayala, supra; see also* TEX. PROB.CODE ANN. § 5(g) (Vernon Supp.2006) (emphasis added) ("All *final* orders of any court exercising original probate jurisdiction shall be appealable to the courts of appeals."). Courts assessing "sufficient attributes of finality to confer appellate jurisdiction" have looked to whether an order adjudicated a "substantial right" or whether it disposed of "all issues in the phase of the proceeding for which it was brought." *De Ayala*, 193 S.W.3d at 578 (reviewing authorities).

Because of confusion and ambiguity created by courts struggling to define and apply these tests in this complex area, the supreme court in *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex.1995) attempted

---

1. Appeal No. 05–05–01531–CV, 2007 WL 2004862, 230 S.W.3d 823.

2. Appeal No. 05–06–00022–CV, 2007 WL 2004899, 230 S.W.3d 832.

to clarify the law by adopting this standard for appealability of probate court orders:

> If there is an express statute ... declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*See De Ayala*, 193 S.W.3d at 578 (quoting *Crowson*).

█ Here, the legislature created a comprehensive statutory scheme governing estate administration proceedings to sell estate property and orders authorizing such sales. *See* TEX. PROB.CODE ANN. §§ 331–358 (Vernon 2003); e.g., §§ 331 (sales require court order authorizing them and may be for cash or credit, public or private, as most advantageous to estate); 341 (authorizing application to sell where necessary or advisable for, *inter alia*, payment of claims and expenses of administration and to dispose of realty if in the estate's best interest); 342 (specifying required contents of application to sell realty); 346 (requiring court order of sale of realty after hearing, specifying required contents of order); 349 (requirements for public sales of realty); 350 (requirements for private sales of realty); 353 (requiring filing of report of sale of realty within 30 days after sale, specifying required contents of report).

Section 355 details the remaining actions the court must take after expiration of five days from the filing of the report of sale. Before entering a decree confirming the sale, the court must inquire into the manner of the sale, hear evidence in support of or against the report, determine the sufficiency of any bond or approve a necessary increase, and determine whether the sale was at a fair price, properly made, and in conformity with law. The decree of confirmation must show conformity with the Probate Code, detail the terms of sale, and authorize the conveyance by the estate representative upon the buyer's compliance with the terms of sale. If the court is not satisfied that the sale was fair and lawful, it may set aside the sale and order a new one as necessary. Finally, section 355 specifically defines finality for appeal purposes, tying it to confirmation or disapproval of the report of sale:

> The action of the court in confirming or disapproving a report of a sale shall have the force and effect of a final judgment; and any person interested in the estate or in the sale shall have the right to have such decrees reviewed as in other final judgments in probate proceedings.

Thus, under *Crowson*, because there is an "express statute ... declaring the phase of the probate proceedings to be final and appealable, that statute controls." 897 S.W.2d at 783. Here there is no showing of consummation of the sale, a report of sale, and action by the court thereon. We conclude the order appealed is an interlocutory probate court order that is non-appealable. In light of that holding, we do not reach appellees' alternate sub-issues.

### CONCLUSION

We dismiss this appeal for want of jurisdiction. *Lipshy Motorcars, Inc. v. Sovereign Associates, Inc.*, 944 S.W.2d 68, 70 (Tex.App.-Dallas 1997, mand. mtn. overruled).