In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00022-CV
_____

IN THE ESTATE OF ARTHUR HILTON HILL

**On Appeal from the County Court**
**Jefferson County, Texas**
**Trial Cause No. 95719**

MEMORANDUM OPINION

Arthur Hilton Hill ("Arthur") died intestate in 2007. Janelle Hill ("Janelle") was Arthur's wife. The trial court appointed Farrin Hill ("Farrin"), Arthur's daughter, as the dependent administrator of Arthur's estate. Farrin filed an application for the sale of real property belonging to the estate, and the trial court ordered the property sold at a private sale. Janelle filed a motion for reconsideration, which the trial court denied. In two appellate issues, Janelle contends that the trial court erred by ordering the property to be sold and by

denying her motion for reconsideration. We dismiss the appeal for want of jurisdiction.

On appeal, Janelle contends that the property was Arthur's homestead, the sale of a homestead is void, she is entitled to a life estate in the property, and she did not abandon the homestead. Farrin responds that this Court lacks jurisdiction over Janelle's appeal.

The Texas Supreme Court has articulated a test for determining whether a probate order is final and appealable:

> If there is an express statute . . . declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995). The legislature has created a comprehensive statutory scheme that governs estate administration proceedings to sell estate property and orders authorizing such sales. *In re Estate of Bendtsen*, 229 S.W.3d 845, 848 (Tex. App.—Dallas 2007, no pet.); *see* Tex. Prob. Code Ann. §§ 331-358 (West 2003 & Supp. 2012); *see also Okumu v. Wells Fargo Bank, N.A.*, No. 2-09-384-CV, 2010 Tex. App. LEXIS 147, at **7-8 (Tex. App.—Fort Worth Jan. 7, 2010, no pet.) (mem. op.). After the filing of a report of sale, the trial court must inquire into the manner of the sale, hear evidence for or against the

2

report, and determine the sufficiency or insufficiency of the representative's general bond, if any. *See* Tex. Prob. Code Ann. § 355 (West 2003). If the trial court determines that the sale was fair, proper, and in conformity with the law and has approved any increased or additional bond deemed necessary to protect the estate, the trial court shall confirm the sale and authorize the conveyance of the property upon the purchaser's compliance with the terms of the sale. *Id*. Otherwise, the trial court shall set the sale aside and order a new sale. *Id*. The trial court's confirmation or disapproval of a report shall have the force and effect of a final judgment; and any person interested in the estate or in the sale shall have the right to have such decrees reviewed as in other final judgments in probate proceedings. *Id*.

On January 31, 2013, this Court inquired of the parties why this appeal should not be dismissed as premature pursuant to section 355. In response, Janelle relied on *Majeski v. Estate of Majeski*, 163 S.W.3d 102 (Tex. App.—Austin 2005, no pet.), in which the Third Court of Appeals held that an order giving the estate administrator authority to sell estate property and finding that a portion of the property was the deceased's husband's homestead was final and appealable. *Id*. at 105-06. Accordingly, we authorized the parties to brief the issue on appeal. Janelle does not discuss the issue of jurisdiction in her appellate brief.

In *Majeski*, the Third Court of Appeals stated:

> [W]e may consider an appeal from an order that, while not a final disposition of a probate matter consisting of a continuing series of events, "adjudicate[s] conclusively a controverted question or substantial right.". . . If no express statute declares a phase of a probate proceeding to be final and appealable, we must consider whether the order is part of a proceeding that left unresolved issues or whether the order "concluded a discrete phase" of the proceedings.

*Id*. (quoting *Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied)). The Court explained that (1) the only dispute at that stage of the proceeding was the property's homestead status, (2) issues regarding other assets were separate from the homestead issue, and (3) the trial court's order made a final resolution of the homestead issue as to the entire tract of land. *Id*. at 106. For these reasons, the Court determined that the trial court's order concluded a discrete phase of the probate proceedings; thus, it was final and appealable. *Id*.

*Majeski*, however, did not address section 355. *See id*. at 105-06. Section 355 expressly defines finality for purposes of appeal. *See* Tex. Prob. Code Ann. § 355; *see also Bendtsen*, 229 S.W.3d at 848. Thus, there is an express statute declaring the phase of the probate proceedings to be final and appealable and section 355 controls. *See Crowson*, 897 S.W.2d at 783. In this case, the record does not indicate that a report of sale has been filed or that the trial court has had an opportunity to confirm or set aside the sale. *See* Tex. Prob. Code Ann. § 355; *see*

4

*also Bendtsen*, 229 S.W.3d at 848. Because there has been no confirmation or disapproval of a report of sale in this case, the trial court's order is not final under section 355. *See Rawlins v. Weaver*, 317 S.W.3d 512, 514 (Tex. App.—Dallas 2010, no pet.); *see also Okumu*, 2010 Tex. App. LEXIS 147, **7-8; *Bendtsen*, 229 S.W.3d at 848; *see also* Tex. Prob. Code Ann. § 355. Accordingly, we dismiss Janelle's appeal for want of jurisdiction.

APPEAL DISMISSED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on October 28, 2013
Opinion Delivered November 14, 2013
Before McKeithen, C.J., Kreger and Horton, JJ.