

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00243-CV

_____

IN THE ESTATE OF KRISTY MARIE TURNBOW, DECEASED

On Appeal from Probate Court No. 2
Tarrant County, Texas
Trial Court No. 2018-PR00999-2-A

Before Birdwell, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION**

Appellant Shayla Turnbow Dunlap attempts to appeal a probate court order related to the sale of estate property. But the order that Shayla challenges is not final and appealable. We therefore dismiss the appeal for want of jurisdiction.

## I.    BACKGROUND

This case concerns the issue of whether Appellee Steve Turnbow should be compensated for his assistance to the estate of Kristy Marie Turnbow. In his motion for compensation, Steve explained that he was a licensed realtor and that he had long managed the entity that was the general partner of the family business, TPS Family Limited Partnership. Steve alleged that when Dan White became the receiver for TPS, he tapped Steve to help take care of TPS's properties because of Steve's knowledge of the family's holdings. One of the projects that Steve helped with, he explained, was reducing taxes owed on a TPS property in Grand Prairie, Texas. Steve asked to be compensated $8,204.97 because his efforts had yielded a tax savings of $27,349.89.

Another project that Steve claimed to have assisted with was facilitating the sale of real property in order to pay off TPS's loans. TPS was in "dire financial straits," he said, and needed to sell one or more of its properties to pay off the loans, or else it would face foreclosure. As he explained, "Again, Steve, a licensed realtor, stepped up to the plate with the knowledge and blessing of Dan White, the Receiver, and found a buyer" for TPS's Grand Prairie property at a "premium" price. Steve asked the court to award him a realtor's commission of $67,500 on the sale.

2

According to Steve, White was not opposed to Steve's requests for relief and in fact believed that Steve deserved to be compensated. Steve maintained that only Shayla, the Appellant here, was opposed to his request.

That opposition materialized when Shayla filed an objection to Steve's motion. In it, Shayla raised a variety of arguments against Steve's requested relief.[1]

After hearing the evidence, the probate court granted Steve's motion and awarded him $8,204.97 for assisting with tax matters and $67,500 as a real estate commission.

## II.    DISCUSSION

On appeal, Shayla attacks the merits of the trial court's order granting Steve compensation. Steve responds that the order in question was not a final judgment, and thus this court is without jurisdiction to hear the appeal. We agree with Steve.

"Except as specifically otherwise provided by law, there may be only one final judgment." *Ventling v. Johnson*, 466 S.W.3d 143, 149 (Tex. 2015). Probate proceedings present an exception to the one-final-judgment rule. *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (op. on reh'g). "[I]n such cases, multiple judgments final for

---

[1]Shayla argued that Steve had already been determined to have no right to the estate's property; that any compensation to Steve should be offset for damages he had previously visited upon the estate and its beneficiaries; and that Steve was not a licensed real estate broker or tax consultant, such that any compensation for his services was illegal.

purposes of appeal can be rendered on certain discrete issues." *Id.* (internal quotation omitted).

To determine whether an order is final under the Texas Estates Code and therefore appealable, we apply a two-part test:

> If there is an express statute . . . declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995).

Sales of estate property fall under the first part of this test, because "the legislature has created a comprehensive statutory scheme to govern this phase of the proceedings" and its appealability. *Okumu v. Wells Fargo Bank, N.A.*, No. 2-09-384-CV, 2010 WL 87735, at *3 (Tex. App.—Fort Worth Jan. 7, 2010, no pet.) (per curiam) (mem. op.). *See generally* Tex. Est. Code Ann. §§ 356.001–.655. The statute describes the steps involved in the sales phase of estate administration: the application to authorize sale, an order authorizing sale, a report of sale, an inquiry by the court into the manner of sale, and lastly a court decree approving or disapproving the report of sale. *Okumu*, 2010 WL 87735, at *3 (citing *In re Estate of Bendtsen*, 229 S.W.3d 845, 848 (Tex. App.—Dallas 2007, no pet.)). Under the statute, it is the last of these steps that constitutes a final and appealable judgment: "The court's action in approving or disapproving a report under Section 356.551 has the effect of a final judgment." Tex. Est. Code Ann.

§ 356.556(c).  And because the statutory scheme is comprehensive, this court[2] and other courts[3] have refused to consider appeals of sale-related orders other than decrees approving or disapproving the report of sale.

The order that Shayla attempts to appeal is not a decree approving or disapproving the report of sale, and it did not precede any such decree, such that it would have merged into a final judgment.  *See Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020).  It is thus "more like a prelude than a finale." *De Ayala*, 193 S.W.3d at 578.  We conclude that the order in question is not a final and appealable judgment.  Because no statute authorizes an interlocutory appeal under these circumstances, we lack jurisdiction to hear the appeal.  *See Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020).  In light of this holding, we do not consider Shayla's issues concerning the merits.

---

[2]*See Okumu*, 2010 WL 87735, at *3.

[3]*See Guardianship of Landgrebe*, No. 13-20-00476-CV, 2020 WL 7294613, at *3 (Tex. App.—Corpus Christi–Edinburg Dec. 10, 2020, pet. denied) (mem. op.); *In re Estate of Hill*, No. 09-13-00022-CV, 2013 WL 6044404, at *1–2 (Tex. App.—Beaumont Nov. 14, 2013, no pet.) (mem. op.); *Estate of Bendtsen*, 229 S.W.3d at 848.

## III.    CONCLUSION

Since the sale and its terms must ultimately be approved by the court, any appellate complaint is premature under the circumstances.  We dismiss the appeal for want of jurisdiction.  *See* Tex. R. App. P. 43.2(f).

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered:  October 21, 2021