

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00327-CV

———————————————

IN THE ESTATE OF TERRY LYNN BANTA, DECEASED

On Appeal from County Court at Law No. 2
Wise County, Texas
Trial Court No. PR-4674

Before Sudderth, C.J.; Birdwell and Walker, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

In this estate matter, the residents of a property asserted that they had an oral contract with the decedent to purchase the property. The trial court relied on the statute of frauds as a basis to deny their claim against the estate.

On appeal, the residents assert that they should prevail because they proved an exception to the statute of frauds. We affirm.

## I.    BACKGROUND

Terry Lynn Banta died in 2020. In May 2021, the temporary administrator filed an application to sell a Fort Worth property belonging to Banta's estate. In the application, the administrator noted that the property was subject to a potential claim by the residents of the property, Gaven and Jamie Herriott, who alleged that they had entered into an oral contract to purchase the property before Banta's death. However, the administrator noted that pursuant to the statute of frauds, a contract for the sale of real estate must be in writing, which the Herriotts' alleged contract was not.

The Herriotts then made a claim to the property, but the administrator objected to the claim and rejected it. Among the reasons given for the rejection was that the Herriotts' alleged oral contract violated the statute of frauds and was therefore unenforceable.

The Herriotts filed responses to the administrator's application to sell the property. They explained that they had prepared a written contract to memorialize their agreement with Banta to buy the property, but they were unable to complete execution

of the contract due to Banta's passing. According to the Herriotts, they should be exempted from the statute of frauds because they had made a down payment of $40,000 and regular monthly payments under the oral contract ever since, paid ad valorem taxes and carried homeowners insurance on the property while residing there, and made a number of repairs and improvements to the property. Attached to the Herriotts' responses were multiple exhibits, including invoices for the Herriotts' repair and improvement expenses, a homemade spreadsheet documenting the payments that they claimed to have made, and affidavits in which they swore to many of the facts asserted in their responses.

When the trial court held a hearing, the Herriotts argued that the "partial performance" exception should save their oral contract from the statute of frauds. However, the Herriotts did not seek to offer any of their exhibits into evidence, and they did not offer any other evidence to support their case for the partial performance exception. The Herriotts did not request a continuance to enable them to present evidence at a later time.

After hearing argument, the trial court rendered two orders. First, it rendered an order granting the temporary administrator's application to sell the property. Second, it rendered an order denying the Herriotts' claim against the estate for a variety of reasons, one of which was their failure to satisfy the statute of frauds. The Herriotts appeal.

## II.    Finality of the Order Approving the Property Sale

At the outset, we take up a question of jurisdiction, because we must consider our jurisdiction sua sponte when it seems in doubt. *Haynes & Boone, LLP v. NFTD, LLC*, 631 S.W.3d 65, 71 (Tex. 2021). The Herriotts have appealed two orders, one of which is the order approving the sale of the property. The rub is the finality of this order and thus its appealability.

"The general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment." *Bonsmara Nat. Beef Co. v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 387 (Tex. 2020) (cleaned up). "Except as specifically otherwise provided by law, there may be only one final judgment." *Ventling v. Johnson*, 466 S.W.3d 143, 149 (Tex. 2015). Probate proceedings present an exception to the one-final-judgment rule. *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021). "In such cases, multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *Id.* at 925 (cleaned up).

To determine whether an order is final and appealable under the Texas Estates Code, we apply a two-part test:

> If there is an express statute . . . declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995).

4

Sales of estate property fall under the first part of this test because "the legislature has created a comprehensive statutory scheme to govern this phase of the proceedings" and its appealability. *Okumu v. Wells Fargo Bank, N.A.*, No. 2-09-384-CV, 2010 WL 87735, at *3 (Tex. App.—Fort Worth Jan. 7, 2010, no pet.) (per curiam) (mem. op.). *See generally* Tex. Est. Code Ann. §§ 356.001–.655.

The statute describes the steps involved in the sales phase of estate administration: the application to authorize sale, an order authorizing sale, a report of sale, an inquiry by the court into the manner of sale, and lastly a court decree approving or disapproving the report of sale. *Okumu*, 2010 WL 87735, at *3 (citing *In re Est. of Bendtsen*, 229 S.W.3d 845, 848 (Tex. App.—Dallas 2007, no pet.)). Under the statute, it is the last of these steps that constitutes a final and appealable judgment: "The court's action in approving or disapproving a report under Section 356.551 has the effect of a final judgment." Tex. Est. Code Ann. § 356.556(c). Because the statutory scheme is comprehensive, this court has refused to consider appeals of sale-related orders other than decrees approving or disapproving the report of sale. *See Est. of Turnbow*, No. 02-20-00243-CV, 2021 WL 4898663, at *2 (Tex. App.—Fort Worth Oct. 21, 2021, no pet.) (mem. op.); *Okumu*, 2010 WL 87735, at *3.

The order in question—an order permitting the sale of the property—is not a decree approving or disapproving the report of sale. It was therefore originally an interlocutory order, which would seem to cast its appealability into doubt.

However, we hold that this sale order was made final for purposes of appeal when it merged into the other order, which disapproved the Herriotts' claim against the estate. The Estates Code declares that an order disapproving a claim against an estate has the effect of a final judgment and is appealable. Tex. Est. Code Ann. §§ 355.057–.058; *In re Est. of Williams*, No. 05-15-00392-CV, 2016 WL 3136933, at *1 (Tex. App.—Dallas June 6, 2016, no pet.) (mem. op.). "When a trial court renders a final judgment, the court's interlocutory orders merge into the judgment and may be challenged by appealing that judgment." *Bonsmara*, 603 S.W.3d at 390; *see Pine v. Deblieux*, 405 S.W.3d 140, 145 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (applying this rule to hold that an interlocutory probate order merged into a final judgment); *see also Hill v. Hill*, 460 S.W.3d 751, 759 (Tex. App.—Dallas 2015, pet. denied) (holding similarly as to an interlocutory order in a receivership proceeding, which presents another exception to the one-final-judgment rule). Because the interlocutory sale order merged into the final order denying the Herriotts' claim, we hold that the sale order became final and appealable. *See Webb v. Jorns*, 488 S.W.2d 407, 408–09 (Tex. 1972).

## III.   THE NATURE OF THE HERRIOTTS' CHALLENGE

As we understand the Herriotts' first issue, they attack both orders to whatever extent that they turned on the statute of frauds. The Herriotts submit that they proved

an exception to the statute of frauds, and the trial court was thus wrong to render either order.[1]

The Herriotts do not explain the nature of their argument. It is simply an undefined protest against the trial court's orders without any explanation of the mechanism through which they are attempting to have those orders reversed. Our first task, then, is to determine what sort of issue the Herriotts have raised and the rubric under which it should be judged.

To answer that question, "[w]e look not only at the wording of the points of error, but to the argument under each point to determine as best we can the intent of the party." *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 633 (Tex. 1986) (op. on reh'g). We may also consider the character of the authorities that the parties have cited, for those authorities can shed light on what the parties intended to argue. *See Nat'l City Bank of Ind. v. Ortiz*, 401 S.W.3d 867, 876 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (op. on reh'g) (looking to the substance of the authorities cited to determine which arguments were raised); *see also Wells Fargo Bank v. Riojas*, No. 13-15-00279-CV, 2016

---

[1]It should be noted that in the order concerning the sale of property, the trial court did not state that it was relying on the statute of frauds as a basis to reject the Herriotts' objection to the sale. Rather, the order stated that the trial court had deemed the sale necessary, advisable, and in the estate's best interest, and it made no mention of the statute of frauds. Regardless, we will assume for the sake of argument that the Herriotts could obtain a reversal of the sale order by proving an exception to the statute of frauds.

WL 836704, at *1 n.2 (Tex. App.—Corpus Christi–Edinburg Mar. 3, 2016, no pet.) (mem. op.).

The essence of the Herriotts' argument is that their evidence clearly established the applicability of the partial performance exception—an argument that rings of a sufficiency issue. Moreover, in their brief, they cited authorities that deal with the legal and factual sufficiency of the evidence. We therefore construe the Herriotts' first issue as a challenge to the legal and factual sufficiency of the evidence to support the trial court's adverse finding on the statute of frauds and the exceptions to the statute.

## IV. EXCEPTION TO THE STATUTE OF FRAUDS

### A. Standard of Review

A party challenging the legal sufficiency of the evidence supporting an adverse finding on which it had the burden of proof at trial must demonstrate that the evidence conclusively established, as a matter of law, all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001); *see Greenville v. Bills*, No. 01-19-00264-CV, 2020 WL 1942457, at *5 (Tex. App.—Houston [1st Dist.] Apr. 23, 2020, no pet.) (mem. op.) (applying the *Dow Chemical* standard to a contract dispute concerning real property within an estate matter). In reviewing such a challenge, we examine the record for evidence that supports the finding, while ignoring all evidence to the contrary unless a reasonable factfinder could not. *Dow Chem.*, 46 S.W.3d at 241; *Walterscheid v. Walterscheid*, 557 S.W.3d 245, 258 (Tex. App.—Fort Worth 2018, no pet.). If no evidence supports the finding, then we examine the entire record to determine if the

8

contrary position is established as a matter of law. *Dow Chem.*, 46 S.W.3d at 241; *Walterscheid*, 557 S.W.3d at 258. We will sustain the issue only if the contrary position is conclusively established—when the evidence leaves "no room for ordinary minds to differ as to the conclusion to be drawn from it." *Int'l Bus. Mach. Corp. v. Lufkin Indus., LLC*, 573 S.W.3d 224, 235 (Tex. 2019).

When a party challenges the factual sufficiency of an adverse finding on an issue on which it had the burden of proof, it must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem.*, 46 S.W.3d at 242; *Walterscheid*, 557 S.W.3d at 258. We review all of the evidence in a neutral light and will reverse only if the evidence supporting the finding is so contrary to the overwhelming weight of the evidence as to make the judgment clearly wrong and manifestly unjust. *Dow Chem.*, 46 S.W.3d at 242; *In re State Farm Mut. Auto. Ins.*, 483 S.W.3d 249, 262 (Tex. App.—Fort Worth 2016, orig. proceeding).

We review the trial court's actions concerning the process of selling estate property for an abuse of discretion. *See U.S. Bank N.A. as Tr. to Lasalle Bank N.A. v. Bentley*, No. 14-19-00324-CV, 2021 WL 1307296, at *3 (Tex. App.—Houston [14th Dist.] Apr. 8, 2021, no pet.) (mem. op.); *In re Est. of Stone*, 475 S.W.3d 370, 373 (Tex. App.—Waco 2014, pet. denied). "The action of the trial court should be that demanded by the equity of the case and the best interests of the estate." *Est. of Stone*, 475 S.W.3d at 373. Under the abuse of discretion standard, the legal and factual sufficiency of the evidence are not independent grounds for asserting error; they are relevant factors in

assessing whether the trial court abused its discretion. *Est. of Johnson*, No. 02-20-00133-CV, 2021 WL 3796019, at *5 (Tex. App.—Fort Worth Aug. 26, 2021, no pet.) (mem. op.). A trial court abuses its discretion by ruling without supporting evidence. *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012).

## B.    Applicable Law

"The probate court 'shall order the sale of the estate property' if the court is 'satisfied that the sale is necessary or advisable.'" *U.S. Bank*, 2021 WL 1307296, at *2 (quoting Tex. Est. Code Ann. § 356.256(a)). "Otherwise, the court may deny the application and, if the court considers it best, may order the sale of other estate property the sale of which would be more advantageous to the estate." Tex. Est. Code Ann. § 356.256(a).

A party pleading the statute of frauds has the initial burden to establish its applicability. *Stripe-A-Zone, Inc. v. M.J. Scotch Family LP*, No. 02-16-00130-CV, 2017 WL 1352099, at *6 (Tex. App.—Fort Worth Apr. 13, 2017, no pet.) (mem. op.). Once a party establishes that the statute of frauds applies, the burden shifts to the other party to establish an exception. *Id.*

Under the statute of frauds, a contract for the sale of real estate is unenforceable unless it is in writing and signed by the person to be charged. *Nat'l Prop. Holdings, L.P. v. Westergren*, 453 S.W.3d 419, 426 (Tex. 2015) (quoting Tex. Bus. & Com. Code Ann. § 26.01). Whether a contract comes within the statute of frauds is a question of law, which we review de novo. *Id.*

10

## C.    Discussion

The Herriotts' filings establish that the statute of frauds applies here. *See Moore Burger, Inc. v. Phillips Petro. Co.*, 492 S.W.2d 934, 936 (Tex. 1972) (holding that a plaintiff's "own petition with its attached exhibit establishes the defendants' affirmative defenses of the statute of frauds as a matter of law"). In their claim against the estate, the Herriotts made clear that the basis for the claim was an oral contract with Banta to purchase real property. The Herriotts also based their objection to the property sale upon this alleged oral contract, effectively arguing that the sale was neither necessary nor advisable because of their contractual interest in the property. Further, in their objection to the application for sale, they conceded that there was no signed, written contract. And on appeal, the Herriotts do not dispute that their allegation of an oral contract to buy real estate brings their claims within the statute of frauds. *See Est. of Stegall*, No. 02-17-00410-CV, 2019 WL 6205244, at *12 (Tex. App.—Fort Worth Nov. 21, 2019, no pet.) (mem. op.).

But the Herriotts maintain that their alleged oral contract should nonetheless be enforceable under the partial performance exception to the statute of frauds. The partial performance exception "requires more than just one party's performance of some obligation under the alleged oral contract." *Nat'l Prop. Holdings*, 453 S.W.3d at 426 n.2. To relieve a parol sale of land from the operation of the statute of frauds, three things are necessary: (1) payment of the consideration, whether it be in money or services; (2) possession by the vendee; and (3) the making by the vendee of valuable

11

and permanent improvements upon the land with the consent of the vendor—or, without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced. *Id.*

The Herriotts insist that they proved all these elements. As support, though, they cite several sources that were not entered into evidence. First, they cite their own assertions in a letter they sent to the temporary administrator to notify him of their claim against the estate. This letter is not evidence that the Herriotts may rely upon. *Cf. Hammer v. Wood*, No. 14-07-01081-CV, 2009 WL 2589432, at *2 (Tex. App.—Houston [14th Dist.] Aug. 25, 2009, no pet.) (mem. op.) (concluding that a party could not rely on a demand letter as evidence of damages). Second, the Herriotts direct our attention to their own pleadings and motion practice. Generally, pleadings are not competent evidence, even if sworn or verified, *Laidlaw Waste Sys. (Dall.), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995); *Watson v. Tipton*, 274 S.W.3d 791, 798 (Tex. App.—Fort Worth 2008, pet. denied), and a party normally may not rely on its own motion as evidence of the facts alleged therein, *see Dinkins v. Calhoun*, No. 02-17-00081-CV, 2018 WL 2248572, at *4 (Tex. App.—Fort Worth May 17, 2018, no pet.) (mem. op.); *McCain v. NME Hosps., Inc.*, 856 S.W.2d 751, 757 (Tex. App.—Dallas 1993, no writ). Third, the Herriotts refer to affidavits and other documents that were attached to their pleadings. But unless the parties otherwise agree, affidavits attached to pleadings and not admitted into evidence do not constitute evidence. *Ahmed v. Shimi Ventures, L.P.*, 99 S.W.3d 682, 684 n.2 (Tex. App.—Houston [1st Dist.] 2003, no pet.);

12

*see In re E.W.*, 494 S.W.3d 287, 296 (Tex. App.—Texarkana 2015, no pet.); *Att'y Gen. of Tex. v. Duncan*, 929 S.W.2d 567, 570 n.3 (Tex. App.—Fort Worth 1996, no pet.). Fourth and finally, the Herriotts rely on their counsel's argument at the hearing. However, "argument of counsel is not evidence." *Sayles v. Senior Care Res., Inc.*, No. 02-20-00124-CV, 2021 WL 62130, at *5 (Tex. App.—Fort Worth Jan. 7, 2021, no pet.) (mem. op.). The record contains no other proof that might substantiate the Herriotts' assertions concerning their payments and their improvements to the property. Ergo, the Herriotts offered no evidence to carry their burden on the partial performance exception. *See Stripe-A-Zone*, 2017 WL 1352099, at *6.

Even assuming for the sake of argument that the Herriotts' affidavits and other documents attached to their pleadings had been entered into evidence, we cannot say that the Herriotts have satisfied their considerable burden on appeal. *See Dow Chem.*, 46 S.W.3d at 241. The Herriotts' documents would show that they occupied the property and paid $596.77 each month to Banta and his wife. Yet these circumstances would be just as consistent with a lease arrangement as they would with an agreement to purchase the property. The Herriotts' documents would also show that they paid *part* of the alleged purchase price in a series of down payments, but even "[p]ayment of the consideration, though it be a payment in *full*, is not sufficient." *Nat'l Prop. Holdings*, 453 S.W.3d at 426 n.2 (emphasis added). As to the remaining allegations concerning the Herriotts' improvements to the property and other related outlays, we cannot say that these expenses would constitute *conclusive* proof of the adverse proposition—the kind

13

of proof that cries out for the partial performance exception. *See, e.g., Gildon v. ARVM 5, LLC*, No. 02-19-00363-CV, 2020 WL 5666553, at *10 (Tex. App.—Fort Worth Sept. 24, 2020, no pet.) (mem. op.) (concluding that the appellant's evidence "hardly prove[d]" the adverse proposition as a matter of law in a property ownership dispute). Rather, the trial court's decision was within its purview, for reasonable minds could differ as to whether these expenses should except the Herriotts from the statute of frauds. *See Int'l Bus. Mach.*, 573 S.W.3d at 235. And while still assuming arguendo that the Herriotts' documents constituted evidence, we cannot say that the trial court's rejection of the partial performance exception was contrary to the overwhelming weight of the evidence. *See Dow Chem.*, 46 S.W.3d at 242. Moreover, the Herriotts have not demonstrated an abuse of discretion with respect to the trial court's order approving the property sale. *See Est. of Johnson*, 2021 WL 3796019, at *5. We reject what we have construed as the Herriotts' challenges to the legal and factual sufficiency of the evidence, and we overrule their first issue.[2]

This determination resolves the Herriotts' challenge to both the order approving the property sale and the order denying their claim against the estate. The Herriotts'

---

[2]Lastly, the Herriotts argue that the notice of the hearing was inadequate. The Herriotts raised this argument for the first time in their reply brief. Ordinarily, an issue raised for the first time on appeal in a reply brief is waived. *Hutchison v. Pharris*, 158 S.W.3d 554, 564 (Tex. App.—Fort Worth 2005, no pet.). Moreover, the argument is inadequately briefed. *See* Tex. R. App. P. 38.1. We thus do not consider it. *See Emerson Elec. Co. v. Johnson*, 601 S.W.3d 813, 830 (Tex. App.—Fort Worth 2018) (declining to consider an argument that was inadequately presented for the first time in a reply brief), *aff'd*, 627 S.W.3d 197 (Tex. 2021).

claim against the estate was predicated on liability under the alleged oral contract, and so were the Herriotts' objections to the sale of the property. Because the statute of frauds renders that alleged contract unenforceable, the outcome of this issue gave the trial court grounds to render both orders. *See, e.g.*, *Cartledge v. Billalba*, 154 S.W.2d 219, 224–25 (Tex. App.—El Paso 1941, writ ref'd w.o.m.). We therefore need not address the Herriotts' remaining issue, in which they dispute the trial court's finding that there was another problem which provided a different basis to deny relief.[3]

## V.    CONCLUSION

The trial court's judgment is in all things affirmed.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered:  July 7, 2022

---

[3]At oral argument, counsel for the administrator of Banta's estate represented that the administrator would not oppose the Herriotts' efforts to recoup any expenses they have incurred for the property inconsistent with their residence as leaseholders if those expenses are satisfactorily proven. We express no opinion concerning either the availability or the merits of any such claims.