

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00160-CV

**ESTATE OF DONALD EDGAR SMITH, DECEASED**

On Appeal from the 424th District Court
Blanco County, Texas[1]
Trial Court No. CV08825, Honorable Evan C. Stubbs, Presiding

March 26, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellants, Katrina Smith and Shayla Smith Henderson, appeal from the trial court's "Order Approving Sale of Real Property." We dismiss the appeal for want of jurisdiction.

---

[1] This appeal was transferred to this Court from the Third Court of Appeals by docket equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

BACKGROUND

A detailed rendition of the underlying facts is unnecessary to our disposition of this case. Therefore, we provide only those facts necessary for context.

Katrina and Shayla are the heirs and only children of Donald Edgar Smith, who died intestate in September of 2008.[2] Katrina filed an application for letters of administration in the County Court of Blanco County and was appointed as the dependent administrator of the estate on November 25, 2008. The following week, on December 1, 2008, Katrina and Shayla signed an executory contract for the conveyance of 427.8 acres owned by the estate to Martin Vaughan for the sale price of $600,000. Vaughan began making the $2,000 monthly payments called for under the contract. He continued to make, and Katrina and Shayla continued to accept, $2,000 monthly payments. Vaughan also paid all property tax assessments on the property.

On June 25, 2018, Vaughan sent Katrina and Shayla a letter notifying them of his intent to exercise his right to prepay the remaining principal and accrued unpaid interest, as permitted by the contract. He requested their confirmation that they would deliver a general warranty deed to him upon his payment. When Katrina and Shayla did not respond, Vaughan filed a lawsuit in district court alleging breach of contract and fraud. Katrina, as dependent administrator of the estate, filed a petition in intervention in the lawsuit, arguing that the contract is void or, alternatively, that Vaughan breached it by failing to pay an IRS lien that had been placed on the property after the estate failed to pay federal estate taxes. Vaughan filed a motion in the probate proceeding to transfer

---

[2] For the sake of clarity, we refer to the appellants by first name.

contested matters to the district court.  *See* TEX. EST. CODE ANN. § 32.003(a)(2).[3]  The county court granted the motion to transfer in December of 2019.

In March of 2021, the district court removed Katrina as dependent administrator for cause.[4]  The substitute dependent administrator, Guilford Jones III, was appointed on April 7, 2021.  In August of 2022, Jones filed an "Application for Sale of Real Property Under Section 356.251 of the Texas Estates Code," seeking the district court's approval of the contract to sell the property to Vaughan.  Katrina and Shayla filed objections to the application.  Following a hearing, the court signed an order on March 10, 2023, approving the sale of the property.  The order directs that the Property be deeded to Vaughan and further provides, "Due to the nature of the existing Contract and this proceeding, report of sale is not required."  Katrina and Shayla appeal from the order.[5]

## ANALYSIS

We first consider whether this Court has jurisdiction over this appeal.  It is well-settled that an appeal may generally only be taken from a final judgment that disposes of all claims and parties.  *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).  However, probate proceedings present an exception to the "one final judgment" rule.

[3] Although the Texas Probate Code was the law in effect at the time of Smith's death in 2008, provisions of the new Texas Estates Code, which recodified the law without substantive change, applied beginning January 1, 2014.  *See* Act of June 19, 2009, 81st Leg., R.S., ch. 680, §§ 1, 10, 12, 2009 Tex. Gen. Laws 1512, 1731–32 (repealing Probate Code, effective January 1, 2014); *see also* TEX. EST. CODE ANN. § 21.006 ("the procedure prescribed by Title 2 [the Decedents' Estates portion of the Estates Code] governs all probate proceedings.").

[4] The court found (1) "sufficient grounds to support a belief that [Katrina] has misapplied Estate property by converting Estate funds to her personal use," (2) Katrina failed to file initial and annual accounts required by the Estates Code, and (3) Katrina failed to make a final settlement of the Estate within three years of her appointment.

[5] The trial court later entered a judgment nunc pro tunc which attached the contract as an exhibit.

3

*Brittingham-Sada de Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006).  In probate matters, an order may be deemed final and appealable even when other issues remain pending if (a) a statute expressly declares the phase of the probate proceeding in which the judgment is rendered to be final and appealable or (b) the judgment adjudicates a substantial right and disposes of all issues and parties in the phase of the proceeding in which it is rendered such that it would be properly severable.  *See id.*

The legislature created a comprehensive statutory scheme to govern sales of estate property and their appealability.  *See In re Estate of Bendtsen*, 229 S.W.3d 845, 848 (Tex. App.—Dallas 2007, no pet.).  This includes multiple steps, including the application to authorize sale, an order authorizing sale, a report of sale, an inquiry by the court into the manner of sale, and finally a court decree confirming the report of sale.  *See id.*; *Okumu v. Wells Fargo Bank, N.A.*, No. 02-09-00384-CV, 2010 Tex. App. LEXIS 147, at *8–9 (Tex. App.—Fort Worth Jan. 7, 2010, no pet.) (per curiam) (mem. op.).  This statutory scheme contemplates both an order under section 356.256 granting or denying the application for sale and an order under section 356.556 confirming or disapproving the report of sale.  *See* TEX. EST. CODE ANN. §§ 356.256, 356.556.[6]  The Estates Code does not provide for an appeal of an order of sale under section 356.256.  It does, however, provide that the court's action in confirming or disapproving a report of sale under section 356.556 "has the effect of a final judgment," making it appealable.  *See* TEX. EST. CODE ANN. § 356.556.

---

[6] Section 356.556 was amended in 2019, at which point the statutory language changed from "confirmation or disapproval order" to "approval or disapproval order."  However, this change applies "only to the estate of a decedent who dies on or after the effective date" of the legislation, September 1, 2019.  *See* Act of June 14, 2019, 86th Leg., R.S., ch. 1141, §§ 30, 48, 2019 Tex. Gen. Laws 3244, 3247.

Here, the application for sale submitted by the dependent administrator was a pre-closing application filed in accordance with section 356.251 of the Estates Code. The trial court held a hearing on the application, then entered its order approving the sale. *See* TEX. EST. CODE ANN. §§ 356.255, 356.256.

In their statement of jurisdiction, Katrina and Shayla assert that the order "is a final and appealable order under Section 356.556(c) of the Texas Estates Code." They argue that the language of the order suggests that the trial court did not intend to require further confirmation of the sale. However, the Estates Code first calls for an order specifying "that the sale is to be made and the report returned in accordance with law . . . ." *See* TEX. EST. CODE ANN. § 356.256. And section 356.556 provides that it is "[t]he court's action in confirming or disapproving a report of sale [that] has the effect of a final judgment." *See* TEX. EST. CODE ANN. § 356.556. The comprehensive statutory scheme set forth in the Estates Code does not provide for an appeal in the absence of action on a report under section 356.551. *See Bendtsen*, 229 S.W.3d at 848 (finding order non-appealable where there was no showing of consummation of sale, report of sale, and action by court thereon); *see also In re Estate of Stone*, 475 S.W.3d 370, 376 (Tex. App.—Waco 2014, pet. denied) (after report of sale is made, court inquires into manner of sale, hears evidence for or against report, determines bond issue, and if "satisfied that the sale was for a fair price, was properly made and in conformity with the law," then renders decree confirming sale); *In re Estate of Banta*, No. 02-21-00327-CV, 2022 Tex. App. LEXIS 4667, at *5 (Tex. App.—Fort Worth July 7, 2022, pet. denied) (mem. op.) ("Because the statutory scheme is comprehensive, this court has refused to consider

5

appeals of sale-related orders other than decrees approving or disapproving the report of sale.").

The order Katrina and Shayla seek to appeal is not an order confirming or disapproving a report of sale. We therefore conclude that the order is not a final and appealable order under section 356.556. *See In re Estate of Hill*, No. 09-13-00022-CV, 2013 Tex. App. LEXIS 13975, at *5 (Tex. App.—Beaumont Nov. 14, 2013, no pet.) (mem. op.) (explaining that "there is an express statute declaring the phase of the probate proceedings to be final and appealable and section 355 controls"[7] and dismissing appeal for want of jurisdiction where record did not indicate that report of sale was filed or that court had opportunity to confirm or set aside sale). Accordingly, we lack jurisdiction to hear the appeal.

### CONCLUSION

For the foregoing reasons, we dismiss the appeal for want of jurisdiction.

Judy C. Parker
Justice

---

[7] The referenced section 355 of the Probate Code has been recodified as section 356.556 of the Estates Code.