**Opinion issued October 14, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00002-CV

_____

**NATALIYA ALLEN, Appellant**

**V.**

**VERABANK, N.A., AS SUCCESSOR DEPENDENT ADMINISTRATOR OF THE ESTATE OF JAMES PERRY ALLEN, JR., DECEASED, Appellee**

---

**On Appeal from the County Court**
**Grimes County, Texas**
**Trial Court Case No. 8916**

---

## MEMORANDUM OPINION

Appellant Nataliya Allen appeals from two orders: the November 20, 2023 Order Approving the First Amended Inventory and List of Claims and the November 21, 2023 Order on First Amended Application to Sell Personal Property. Appellee VeraBank, N.A., Successor Dependent Administrator of the Estate of James Perry

Allen, Jr., Deceased, filed a motion to dismiss for lack of jurisdiction. We grant the motion and dismiss the appeal for lack of jurisdiction.

## Background

On June 20, 2024, the Court dismissed this appeal because appellant Allen had not paid the filing fee despite notice that the appeal was subject to dismissal. After the appeal was dismissed, Allen paid the filing fee and filed a motion for rehearing. Appellee VeraBank, the court-appointed Dependent Administrator of the Estate of James Perry Allen, Jr., filed a response opposing Allen's motion and urging the Court to deny the motion. In the motion, VeraBank raised an argument about jurisdiction.

On September 19, 2024, the Court granted Allen's motion for rehearing because the filing fee had been paid, withdrew its opinion and judgment, and reinstated the case on the active docket. One day later, VeraBank filed an emergency motion to dismiss the appeal based on lack of jurisdiction. We held this motion both to permit Allen to file a response and for the filing of the clerk's record so that the Court could review whether it had jurisdiction. Allen has not filed a response to the motion. The clerk's record was not filed until October 7, 2024.

**Applicable Law**

VeraBank argues that the two orders appealed in this case are interlocutory and non-appealable. Generally, an appeal may be taken only from final judgments. *See Bonsmara Nat. Beef Co. v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 387 (Tex. 2020). Probate proceedings present an exception to the one-final-judgment rule and in such cases, multiple judgments may be final for purposes of appeal on certain discrete issues. *See In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021). To determine if an order in a probate case is final for purposes of appeal, we apply a two-part test:

> If there is an express statute . . . declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995).

**Order approving inventory is interlocutory and not appealable**

VeraBank first argues that the order approving the first amended inventory is not a final appealable order that disposes of all parties or issues.[1] We agree. By

---

[1] Allen stated in her notice of appeal that she is appealing from two orders, including a November 20, 2023, Order Approving First Amended Inventory, Appraisement and List of Claims. This order is not included in the clerk's record but it is attached to her notice of appeal.

statute, an inventory may be amended or supplemented and, thus, does not dispose of all parties and issues in a particular phase of the proceeding, but instead, merely sets the stage for further proceedings in the resolution of the estate. *See In re Arizola*, No. 04-11-00059-CV, 2011 WL 1852969, at *1 (Tex. App.—San Antonio May 11, 2011, no pet.) (mem. op.) (dismissing appeal for lack of jurisdiction because orders appointing administrator, approving employment contract, and approving inventory were interlocutory and not appealable); *Brock v. Syslo*, Nos. 04-08-00273-CV & 04-08-00378-CV, 2008 WL 4519196, at *3 (Tex. App.—San Antonio Oct. 8, 2008, no pet.) (mem. op.) (dismissing appeal for lack of jurisdiction because order approving inventory and order denying application for sale of real property were interlocutory and not appealable). Thus, the order approving the first amended inventory is interlocutory and not an appealable order.

**Order approving sale of property is interlocutory and not appealable**

As for the November 21, 2023 order approving the sale of personal property, VeraBank contends that this order is also interlocutory and not appealable because there is an express statute providing for a final, appealable order under section 356.556 of the Estates Code. *See Crowson*, 897 S.W.2d at 783. Because the order approving the sale of property is not a final judgment provided by statute in this phase of the proceedings, VeraBank argues that the order approving the sale of personal property is interlocutory.

Chapter 356 of the Estates Code concerns the sale of estate property, and this statute sets out a "comprehensive statutory scheme governing estate administration proceedings to sell estate property and orders authorizing such sales." *In re Est. of Bendtsen*, 229 S.W.3d 845, 848 (Tex. App.—Dallas 2007, no pet.). This chapter includes sections concerning various types of sales, including sales of personal and real property. *See* TEX. EST. CODE ch. 356. This statute provides for a variety of orders including orders for sale of personal property that might deteriorate if a sale were delayed, *see id.* § 356.051, orders for sale of personal property, *see id.* § 356.101, orders for sale of livestock, *see id.* § 356.153, orders concerning sales of mortgaged property, *see id.* § 356.203, and orders for sale of real property. *See id.* § 356.256. In section 356.556, the statute provides that "[t]he court's action in approving or disapproving a report under Section 356.551[2] has the effect of a final judgment." *Id.* § 356.556(c). This section further states that any person interested in the estate or in the sale may have an order under section 356.556 "reviewed as in other final judgments in probate proceedings." *Id.*

A number of courts have dismissed appeals for lack of jurisdiction where the orders appealed were not final judgments under section 356.556. *See Rawlins v. Weaver*, 317 S.W.3d 512, 514 (Tex. App.—Dallas 2010, no pet.) (dismissing appeal

---

[2] Section 556.551 requires a report to the court after a successful bid is made for the sale of estate real property. *See* TEX. EST. CODE §356.551.

of order authorizing sale of estate real property because it was not order expressly authorized to be final and appealable under statutory scheme); *Okumu v. Wells Fargo Bank, N.A.*, No. 02-09-00384-CV, 2010 WL 87735, at \*3 (Tex. App.—Fort Worth Jan. 7, 2010, no pet.) (mem. op.) (dismissing appeal because order granting application to sell real and personal property was not final judgment under section 356.556(c); *Bendtsen*, 229 S.W.3d at 848 (dismissing appeal of order authorizing sale of estate's interest in real property because statutory scheme provided that order confirming or disapproving report of sale of real property was final and appealable); *In re Guardianship of Landgrebe*, No. 13-20-00476-CV, 2020 WL 7294613, at \*2–3 (Tex. App.—Corpus Christi-Edinburgh Dec. 10, 2020, pet. denied) (mem. op.) (dismissing appeal for lack of jurisdiction because order granting application to sell real property was interlocutory based on statutory scheme providing for appeal only of order approving or disapproving report of sale of real property); *In re Est. of Hill*, 09-13-00022-CV, 2013 WL 6044404, at \*2 (Tex. App.—Beaumont Nov. 14, 2013, no pet.) (mem. op.) (dismissing appeal for lack of jurisdiction because order approving sale of real property was not final, appealable order set out in statutory scheme concerning sale of estate real property).

Although none of these cases concerned orders solely for the sale of personal property, such as the one in this appeal, we do not find this to be a relevant distinction. Orders concerning sales of personal property are one of many types of

orders in the comprehensive statutory scheme for sales of estate property. Because there is an express statute declaring which phase of the proceeding is appealable, the statute controls. *See In re Est. of Smith*, No. 07-23-00160-CV, 2024 WL 1298031, at *3 (Tex. App.—Amarillo March 26, 2024, no pet.) (mem. op.). The amended inventory in this case indicates that the estate contains real property, stocks and bonds, mortgages, notes and cash, and other miscellaneous property. Nothing in the clerk's record indicates that the real property has been sold or that the trial court has entered an order under section 356.556. Thus, no final judgment concerning the sale of estate property has been entered by the trial court and the order approving the sale of personal property is therefore interlocutory and not appealable. *See Crowson*, 897 S.W.2d at 783.

Because we have determined that both orders appealed in this case are interlocutory and not appealable, the Court lacks jurisdiction over Allen's attempted appeal of these orders. *See Pena v. Flexsteel Pipeline Technologies Inc.*, No. 01-24-00405-CV, 2024 WL 3940827, at *1 (Tex. App.—Houston [1st Dist.] Aug. 27, 2024, no pet.) (mem. op.) (citing *In re M.G.*, No. 01-05-00426-CV, 2006 WL 1549754, at *1 (Tex. App.—Houston [1st Dist.] June 8, 2006, no pet.) (mem. op.) which held that when party appeals non-appealable interlocutory order, appellant court has jurisdiction only to dismiss appeal). We grant VeraBank's motion to dismiss.

We dismiss this appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). The stay granted on September 19, 2024 is lifted. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Hightower, Rivas-Molloy, and Gunn.