

# NUMBER 13-25-00673-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN THE ESTATE OF ROLANDO GUERRA, DECEASED

---

### ON APPEAL FROM THE PROBATE COURT
### OF HIDALGO COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Chief Justice Tijernia and Justices West and Cron**
**Memorandum Opinion by Justice Cron**

Appellant, Edward Roland Guerra, proceeding pro se, filed a notice of appeal from an "Order of Sale of Real Property" rendered in a probate matter concerning the estate of his late father, Rolando Guerra. Noel Guerra, Dependent Administrator of the estate and appellee herein, has filed a motion to dismiss the appeal for want of jurisdiction. Edward responds in his brief that the order is appealable because it "conclusively adjudicated" his challenge to Noel's application to sell the subject property. Because we agree that the order of sale is not an appealable order, we grant the motion and dismiss

the appeal.

## I. STANDARD OF REVIEW

Generally, an appeal may be taken only from final judgments. *Bonsmara Nat. Beef Co. v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 387 (Tex. 2020). Probate proceedings are an exception to the one-final-judgment rule because they may involve multiple orders on discrete issues, each of which may be final for purposes of appeal. *See In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021). To determine if an order in a probate case is final for purposes of appeal, we first look to any controlling statute "declaring the phase of the probate proceedings to be final and appealable." *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995). In the absence of such a statute, an order is interlocutory and not subject to immediate appeal unless it disposes of all parties or issues in a particular phase of the proceedings. *De Ayala v. Mackie*, 193 S.W.3d 575, 578–79 (Tex. 2006). Whether we have jurisdiction to reach the merits of an appeal is a question of law. *In re Guardianship of Jones*, 629 S.W.3d at 924.

## II. ANALYSIS

Chapter 356 of the Estates Code concerns the sale of estate property, and this statute sets out a "comprehensive statutory scheme governing estate administration proceedings to sell estate property and orders authorizing such sales." *In re Est. of Bendtsen*, 229 S.W.3d 845, 848 (Tex. App.—Dallas 2007, no pet.). For instance, a dependent administrator must first seek general authority from a probate court to sell real property. TEX. EST. CODE § 356.256. Once the probate court grants an application to sell real property—as occurred here—and the administrator finds a willing buyer, the

2

administrator must then file a report with the court detailing the terms of the proposed sale. *Id.* § 356.551. The sale is subject to final approval by the court, which considers, among other things, whether the proposed sale "is for a fair price." *Id.* § 356.556(a). "The court's action in approving or disapproving a report under Section 356.551 has the effect of a final judgment. Any person interested in the estate or in the sale is entitled to have an order entered under this section reviewed as in other final judgments in probate proceedings." *Id.* § 356.556(c).

Here, Edward is attempting to appeal an order that generally authorizes the sale of the subject property under section 356.256, but the appellate record does not indicate that Noel has filed a report seeking the probate court's final approval of a pending sale, or that the court had approved any such sale. Several appellate courts, including our own, have dismissed appeals for lack of jurisdiction under these same circumstances. *See In re Guardianship of Landgrebe*, No. 13-20-00476-CV, 2020 WL 7294613, at *2–3 (Tex. App.—Corpus Christi-Edinburgh Dec. 10, 2020, pet. denied) (mem. op.) (dismissing appeal for lack of jurisdiction because order granting application to sell real property was interlocutory based on statutory scheme providing for appeal only from order approving or disapproving report of sale); *In re Est. of Hill*, 09-13-00022-CV, 2013 WL 6044404, at *2 (Tex. App.—Beaumont Nov. 14, 2013, no pet.) (mem. op.) (same); *Rawlins v. Weaver*, 317 S.W.3d 512, 514 (Tex. App.—Dallas 2010, no pet.) (same); *Okumu v. Wells Fargo Bank, N.A.*, No. 02-09-00384-CV, 2010 WL 87735, at *3 (Tex. App.—Fort Worth Jan. 7, 2010, no pet.) (mem. op.) (same) *In re Est. of Bendtsen*, 229 S.W.3d 845, 848 (Tex. App.—Dallas 2007, no pet.) (same).

### III. CONCLUSION

Accordingly, we dismiss the appeal for want of jurisdiction.[1]

JENNY CRON
Justice

Delivered and filed on the
26th day of March, 2026.

---

[1] All other pending motions are denied as moot.